Lynne Finley
District Clerk
Collin County, Texas
By Allison McCabe Deputy
Envelope ID: 41661185

Cause No. 471-01565-2020

| | | |
|---|---|---|
| TEXAS HEALTH AND HEART VASCULAR HOSPITAL ARLINGTON, TEXAS HEALTH ARLINGTON MEMORIAL HOSPITAL, TEXAS HEALTH HARRIS METHODIST HOSPITAL ALLIANCE, TEXAS HEALTH HARRIS METHODIST HOSPITAL AZLE, TEXAS HEALTH HARRIS METHODIST HOSPITAL CLEBURNE, TEXAS HEALTH HARRIS METHODIST HOSPITAL FORT WORTH, TEXAS HEALTH HARRIS METHODIST HOSPITAL HURST-EULESS-BEDFORD, TEXAS HEALTH HARRIS METHODIST HOSPITAL SOUTHWEST FORT WORTH, TEXAS HEALTH PRESBYTERIAN HOSPITAL ALLEN, TEXAS HEALTH PRESBYTERIAN HOSPITAL DALLAS, TEXAS HEALTH PRESBYTERIAN HOSPITAL DENTON, TEXAS HEALTH PRESBYTERIAN HOSPITAL KAUFMANN, and TEXAS HEALTH PRESBYTERIAN HOSPITAL PLANO, | § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | |
| v. | § § | ___ JUDICIAL DISTRICT |
| HEALTH CARE SERVICE CORPORATION, D/B/A BLUE CROSS AND BLUE SHIELD OF TEXAS | § § § § | |
| *Defendant.* | § § § | COLLIN COUNTY |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Texas Health and Heart Vascular Hospital Arlington, Texas

Health Arlington Memorial Hospital, Texas Health Harris Methodist Hospital Alliance, Texas

Health Harris Methodist Hospital Azle, Texas Health Harris Methodist Hospital Cleburne, Texas Health Harris Methodist Hospital Fort Worth, Texas Health Harris Methodist Hospital Hurst-Euless-Bedford, Texas Health Harris Methodist Hospital Southwest Fort Worth, Texas Health Presbyterian Hospital Allen, Texas Health Presbyterian Hospital Dallas, Texas Health Presbyterian Hospital Denton, Texas Health Presbyterian Hospital Kaufmann, and Texas Health Presbyterian Hospital Plano (collectively the "Hospitals") filing their Original Petition and complaining of Defendant Health Care Service Corporation, d/b/a Blue Cross and Blue Shield of Texas ("BCBS"), and in support thereof would respectfully show the Court as follows:

## DISCOVERY CONTROL PLAN

1.     Pursuant to Rule 190, TEX. R. CIV. P., the Hospitals allege that discovery is intended to be conducted under Rule 190.4 (Level 3).

## PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff Texas Health and Heart Vascular Hospital Arlington is a nonprofit corporation organized and existing under the laws of the State of Texas.

3.     Plaintiff Texas Health Arlington Memorial Hospital is a nonprofit corporation organized and existing under the laws of the State of Texas.

4.     Plaintiff Texas Health Harris Methodist Hospital Alliance is a nonprofit corporation organized and existing under the laws of the State of Texas.

5.     Plaintiff Texas Health Harris Methodist Hospital Azle, is a nonprofit corporation organized and existing under the laws of the State of Texas.

6.     Plaintiff Texas Health Harris Methodist Hospital Cleburne is a nonprofit corporation organized and existing under the laws of the State of Texas.

7.      Plaintiff Texas Health Harris Methodist Hospital Fort Worth is a nonprofit corporation organized and existing under the laws of the State of Texas.

8.      Plaintiff Texas Health Harris Methodist Hospital Hurst-Euless-Bedford is a nonprofit corporation organized and existing under the laws of the State of Texas.

9.      Plaintiff Texas Health Harris Methodist Hospital Southwest Fort Worth is a nonprofit corporation organized and existing under the laws of the State of Texas.

10.     Plaintiff Texas Health Presbyterian Hospital Allen is a nonprofit corporation organized and existing under the laws of the State of Texas.

11.     Plaintiff Texas Health Presbyterian Hospital Dallas is a nonprofit corporation organized and existing under the laws of the State of Texas.

12.     Plaintiff Texas Health Presbyterian Hospital Denton is a nonprofit corporation organized and existing under the laws of the State of Texas.

13.     Plaintiff Texas Health Presbyterian Hospital Kaufman is a nonprofit corporation organized and existing under the laws of the State of Texas.

14.     Plaintiff Texas Health Presbyterian Hospital Plano is a nonprofit corporation organized and existing under the laws of the State of Texas.

15.     Health Care Service Corporation, d/b/a Blue Cross and Blue Shield of Texas is a foreign corporation organized pursuant to the laws of the state of Illinois, with its principal place of business located at 300 East Randolph Street, Chicago, Illinois 60601, and may be served with process through Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

16.     Venue is proper in Collin County because Defendant's principle office in Texas is located in Collin County at 1001 E. Lookout Dr., Richardson, TX, 75082.

## COMPLIANCE WITH RULE 47

17.   In accordance with Rule 47, TEX. R. CIV. P., the Hospitals state that –

a.   This is a breach of contract action. The Hospitals and BCBS were parties to a Hospital Agreement for HMO Network Participation with an effective date of January 1, 2014 (as amended, the "HMO Agreement") and a Hospital Agreement for PPO/POS Network Participation with an effective date of January 1, 2014 (as amended, the "PPO Agreement"), collectively referred to as the Agreements. Under the Agreements, the Hospitals provided hospital services to patients who had health coverage under a BCBS health plan. BCBS agreed to pay for those services as set forth in the Agreements. For each of the patients listed in Exhibit A, BCBS refused to make payment according to the terms of the Agreements;

b.   The damages the Hospitals seek are within the jurisdictional limits of this court;

c.   The Hospitals seek monetary relief of over $1,000,000;

d.   The Hospitals demand judgment for all other relief to which they deem themselves entitled.

## BACKGROUND FACTS

18.   Texas Health Resources ("THR") is a hospital system that manages several hospitals in the State of Texas, including each of the Hospitals. THR entered into the Agreements on behalf of the Hospitals. The HMO Agreement and the PPO Agreement are substantially similar. The basic premise of each was that the Hospitals would provide Covered Services to BCBS's Members and BCBS would pay for those Covered Services at the rates set forth in the Agreements. The HMO Agreement governs any claims where the patient had health insurance under an HMO Plan issued or administered by BCBS. The PPO Agreement governs any claims where the patient had health insurance under an PPO Plan issued or administered by BCBS.

19.   The Agreements each had an initial term of one year with automatic renewals thereafter for successive one-year terms. The Agreements successfully renewed each year and were in effect at all times relevant to this case.

20.     Attached hereto as Exhibit A is a list of forty-seven claims which BCBS improperly denied or underpaid.[1] Each of the claims in Exhibit A were for Covered Services provided to one of BCBS's Members who had health insurance through either an HMO or PPO plan issued or administered by BCBS.[2] Each was properly payable and BCBS should have paid the claim within thirty of receipt. Instead, BCBS improperly denied each claim. At present, these forty-seven claims total a principle amount contractually due of $1,083,377.05.

## COUNT ONE: BREACH OF CONTRACT

21.     The contracts that have been breached are the HMO Agreement and the PPO Agreement. The Hospitals and BCBS are parties to those agreements. As pleaded above, the basic exchange was that Hospitals would provide medically necessary Covered Services to patients who were Members of health benefit plans issued or administered by BCBS, and for those services BCBS would timely pay the reimbursement rates set forth in either the HMO Agreement or the PPO Agreement.

22.     The forty-seven claims at issue are all for medically necessary Covered Services provided to patients who at the time they received services were Members of health benefit plans issued or administered by BCBS. The Hospitals timely submitted the claims to BCBS for payment as specified in the HMO Agreement and PPO Agreement. BCBS nevertheless denied the claims entirely or, if it paid anything, paid less than the amount contractually due, all in violation of the Agreements.

23.     Each failure by BCBS to pay a claim in the proper contractual amount and within the proper contractual time is a breach of either the HMO Agreement or the PPO Agreement. These

---

[1] Exhibit A has been redacted to protect the patients' private health information. The Hospitals have already produced an unredacted version to BCBS.

[2] Claims 1-28 are governed by the HMO Agreement whereas Claims 29-47 are governed by the PPO Agreement.

breaches have caused damages to the Hospitals, calculated in accordance with the Agreements, in the principle amount of $1,083,377.05.

## COUNT TWO: VIOLATION OF THE TEXAS PROMPT PAY ACT

24.     In addition to the amounts due under the Agreements, the Hospitals are also entitled to penalties and interest under Chapters 843 and 1301 of the Texas Insurance Code.

25.     Chapter 843 of the Texas Insurance Code governs for any claims under the HMO Agreement. Subchapter J mandates that BCBS pay each claim within 30 days if it is an electronic claim or 45 days if it is a nonelectronic claim. It further imposes penalties on BCBS for each claim it fails to pay within that time frame. For each claim where BCBS's deadline to pay the claim was more than 90 days ago, BCBS forfeit its right to the contractual discount and is required to pay the full billed charges submit on the claim. Chapter 843 further imposes interest at the rate and from the date provided therein.

26.     Chapter 1301 of the Texas Insurance Code governs for any claims under the PPO Agreement. Subchapter C mandates that BCBS pay each claim within 30 days if it is an electronic claim or 45 days if it is a nonelectronic claim. It further imposes penalties on BCBS for each claim it fails to pay within that time frame. For each claim where BCBS's deadline to pay the claim was more than 90 days ago, BCBS forfeit its right to the contractual discount and is required to pay the full billed charges submit on the claim. Chapter 1301 further imposes interest at the rate and from the date provided therein.

## ATTORNEYS' FEES

27.     THR seeks to recover its attorneys' fees to the extent authorized by applicable law. A person may recover reasonable attorneys' fees from an individual or corporation, in addition to the amount of a valid claim and costs if the claim is for rendered services. TEX. CIV. PRAC. & REM.

CODE § 38.001. To recover attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code, (1) the claimant must be represented by an attorney; (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and (3) payment for the just amount owed must not have been tendered before the 30th day after the claim is presented. TEX. CIV. PRAC. & REM. CODE § 38.002. The services for which such fees would be recoverable would include, but not necessarily be limited to, those rendered in connection with: preparation and trial of this lawsuit; post-trial, pre-appeal services; making or responding to any appeal to the court of appeals; making or responding to any petition for review by the Texas Supreme Court; making or responding to any appeal in that court in the event of the granting of any such petition; and post-judgment discovery and collection in the event execution on or other collection of any judgment rendered by this Court were to become necessary. THR would be entitled to an additional $35,000 of reasonable attorneys' fees if this case were appealed to the Court of Appeals and THR there prevailed and to an additional $30,000 of reasonable attorneys' fees if this case were further appealed to the Texas Supreme Court and THR there prevailed.

## CONDITIONS PRECEDENT

28.     All conditions precedent to the liability of BCBS to the Hospitals under all causes of action herein have occurred or been performed or have been excused or waived.

## RESERVATION OF RIGHTS

29.     The Hospitals reserve all of their other legal and equitable remedies with respect to the transactions in question.

## REQUEST FOR DISCLOSURE

30.     Pursuant to Rule 194, TEX. R. CIV. P., you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

**PRAYER**

31.    The Hospitals respectfully request that BCBS be cited to appear and answer, that this matter be set for trial, with notice to BCBS, and that on final hearing, the Hospitals have a judgment against BCBS for:

a.  Money damages in the principal amount of $1,083,377.05 allocated as follows:

      i.  $32,078.79 to Texas Health and Heart Vascular Hospital Arlington;
      ii.  $74,809.09 to Texas Health Arlington Memorial Hospital;
      iii.  $27,110.07 to Texas Health Harris Methodist Hospital Alliance;
      iv.  $29,062.59 to Texas Health Harris Methodist Hospital Azle;
      v.  $19,660.69 to Texas Health Harris Methodist Hospital Cleburne;
      vi.  $292,223.71 to Texas Health Harris Methodist Hospital Fort Worth;
      vii.  $71,842.57 to Texas Health Harris Methodist Hospital Hurst-Euless-Bedford;
      viii.  $218,059.66 to Texas Health Harris Methodist Hospital Southwest Fort Worth;
      ix.  $53,232.90 to Texas Health Presbyterian Hospital Allen;
      x.  $61,595.62 to Texas Health Presbyterian Hospital Dallas;
      xi.  $54,028.94 to Texas Health Presbyterian Hospital Denton;
      xii.  $5,090.80 to Texas Health Presbyterian Hospital Kaufmann; and
      xiii.  $144,581.62 to Texas Health Presbyterian Hospital Plano;

b.  Statutory damages in the principal amount of $917,535.82 allocated as follows:

      i.  $21,579.34 to Texas Health and Heart Vascular Hospital Arlington;
      ii.  $76,946.26 to Texas Health Arlington Memorial Hospital;
      iii.  $40,604.49 to Texas Health Harris Methodist Hospital Alliance;
      iv.  $29,792.20 to Texas Health Harris Methodist Hospital Azle;
      v.  $20,456.02 to Texas Health Harris Methodist Hospital Cleburne;
      vi.  $195,156.92 to Texas Health Harris Methodist Hospital Fort Worth;
      vii.  $77,533.29 to Texas Health Harris Methodist Hospital Hurst-Euless-Bedford;
      viii.  $83,565.37 to Texas Health Harris Methodist Hospital Southwest Fort Worth;
      ix.  $31,742.69 to Texas Health Presbyterian Hospital Allen;
      x.  $84,497.90 to Texas Health Presbyterian Hospital Dallas;
      xi.  $74,219.88 to Texas Health Presbyterian Hospital Denton;
      xii.  $5,875.17 to Texas Health Presbyterian Hospital Kaufmann; and
      xiii.  $175,566.29 to Texas Health Presbyterian Hospital Plano;

c. If statutory interest under the Texas Insurance Code is not granted, then prejudgment interest to the extent, at the rate, and for the time as otherwise allowed by applicable law;

d. All costs of Court;

e. Post-judgment interest on all of the foregoing items at the judgment rate allowed by law, from the date of judgment until paid; and

f. All such other and further relief as the Hospitals may show themselves justly entitled to receive.

> Respectfully submitted,
>
> FRANCIS & TOTUSEK, L.L.P.
>
> By: *Blair G. Francis*_____
>    Blair G. Francis
>    State Bar No. 07354900
>    blair.francis@ftllplaw.com
>    Timothy P. Delabar
>    State Bar No. 24116273
>    tim.delabar@ftllplaw.com
>
> 1830 Ross Tower
> 500 North Akard Street
> Dallas, Texas 75201
> Telephone: (214) 740-4250
> Facsimile: (214) 740-4266
>
> COUNSEL FOR THE HOSPITALS